UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------------X
JOSE LEMA, individually and on behalf of all others
similarly situated,

                                                      Civil Action No.

                       Plaintiff,

                                                      COMPLAINT

                -against-


ERNEST & SONS GENERAL CONSTRUCTION CORP.,
ERNESTO TAMAY, and JOSE JUALLPA,

                       Defendants.
------------------------------------------------------------------------X

       Plaintiff Jose Lema ("Plaintiff"), individually and on behalf of all others similarly situated, by his attorneys, Katz Melinger PLLC, complaining of the defendants, Ernest & Sons General Construction Corp. ("E&S"), Ernesto Tamay, and Jose Juallpa (collectively, "Defendants"), respectfully alleges as follows:

### I. Nature of Action, Jurisdiction, and Venue

       1.     This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. ("FLSA"); the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56(a) *et seq*. ("NJWHL"); the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1, *et seq.* ("NJWPL"); and the Internal Revenue Code, 26 U.S.C. § 7434.

       2.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA and the Internal Revenue Code.

       3.     This Court has supplemental jurisdiction over the claims arising under the NJWHL and NJWPL pursuant to 28 U.S.C. § 1367, in that the state law claims are so closely related to

Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## II. Parties

5. Plaintiff is an individual residing in the State of New York.

6. At all relevant times, Plaintiff was employed by Defendants as defined by 29 U.S.C. § 203(e), N.J.S.A. 34:11-56a1(h), N.J.S.A. 34:11-4.1(b), and N.J.S.A. 34:19-2(b).

7. E&S is a domestic corporation with its principal place of business located at 17 Meeker St., West Orange, New Jersey 07052.

8. E&S is a construction contractor that provides residential and commercial construction services throughout the state of New Jersey.

9. Tamay and Juallpa are individuals residing, upon information and belief, in the state of New Jersey.

10. At all relevant times, Tamay and Juallpa were, and still are, officers, directors, shareholders and/or persons in control of E&S who exercise significant control over the company's operations and have the authority to hire, fire, and discipline employees; set employees' work schedules and conditions of employment; determine the rate and method of pay for employees; and maintain employment records.

11. At all relevant times, Defendants were responsible for setting Plaintiff's schedule and day-to-day activities and for supervising his performance.

12. At all relevant times, Defendants had the power to discipline and terminate Plaintiff.

13. At all relevant times, Defendants were responsible for compensating Plaintiff.

14. Defendants are joint employers who jointly managed, supervised, hired, fired, and compensated employees, including Plaintiff, and are jointly and severally liable in this matter.

15. Upon information and belief, Defendants' revenues are in excess of the minimum required to fall within the jurisdiction of the FLSA.

16. Defendants operate in interstate commerce.

17. Defendants are subject to suit under the statutes alleged above.

### III. FLSA Collective Action Allegations

18. The First Cause of Action in this Complaint, which arises under the FLSA, is brought by Plaintiff on behalf of himself and similarly situated persons who were employed since the date three (3) years prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

19. The FLSA Collective Plaintiffs consist of no less than thirty (30) similarly situated current and former non-exempt employees of Defendants who worked as general laborers, who work or worked in excess of forty (40) hours per week and who are victims of Defendants' common policies and practices that violated their rights under the FLSA by, *inter alia*, willfully denying them overtime compensation and other pay.

20. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff and the FLSA Collective Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes,

*inter alia*, failing to pay employees the applicable overtime rates for all hours worked in excess of forty (40) per week and failing to pay employees for all hours worked.

21. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

22. Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective Plaintiffs.

23. The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, and are readily identifiable and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

### IV. Factual Allegations

24. Plaintiff worked for Defendants as a general laborer from in or around 2002 until on or around November 20, 2020.

25. As a general laborer, Plaintiff's primary job duties included installing and repairing electrical systems, installing and repairing plumbing systems, operating a backhoe, and performing other construction related tasks as required.

26. Throughout his employment, Plaintiff regularly worked Mondays through Fridays from approximately 6:45 a.m. until 5:00 p.m., and Saturdays from approximately 7:00 a.m. until 4:00 p.m., for a total of approximately sixty and one-fourths (60.25) hours per week.

27. Throughout his employment, Plaintiff was not afforded any meal or rest breaks during his shifts and was expected to eat any meals while working.

28. Throughout his employment, Plaintiff was not required to clock in and out or otherwise record his hours.

29. Throughout his employment, Plaintiff was compensated at a fixed daily salary, regardless of the number of hours worked per week.

30. From at least in or around January 2015 until in or around December 2015, Defendants paid Plaintiff $130.00 per day.

31. From in or around January 2016 until in or around December 2016, Defendants paid Plaintiff $135.00 per day.

32. From in or around January 2017 until in or around December 2017, Defendants paid Plaintiff $140.00 per day.

33. From in or around January 2018 until in or around December 2018, Defendants paid Plaintiff $145.00 per day.

34. From in or around January 2019 until the end of Plaintiff's employment, Defendants paid Plaintiff $150.00 per day.

35. Throughout Plaintiff's employment, Defendants paid Plaintiff a portion of his wages on a company check with an accompanying paystub, and paid Plaintiff his remaining wages in cash with no accompanying paystub.

36. During Plaintiff's employment, Defendants provided Plaintiff with copies of the Forms W-2 that Defendants filed with the IRS on behalf of Plaintiff, which reflected only the wages that Defendants paid Plaintiff by check.

37. Throughout his employment, Plaintiff was a non-exempt employee pursuant to the FLSA and NJWHL and was entitled to overtime compensation for the hours he worked in excess of forty (40) hours per week.

38.     However, despite routinely working in excess of forty (40) hours per week, Plaintiff and the FLSA Collective Plaintiffs were not paid overtime compensation of one and one-half (1.5) times their regular hourly rates or the applicable minimum wage, whichever is greater, for all of the hours they worked in excess of forty (40) per week.

39.     Defendants also reported fraudulent information to the United States Internal Revenue Service ("IRS"), in violation of the Internal Revenue Code, 26 U.S.C. § 7434, by reporting only a portion of Plaintiff's wages when Defendants filed their taxes each year during Plaintiff's employment.

40.     Defendants violated federal and state law by willfully failing to pay Plaintiff and the FLSA Collective Plaintiffs overtime compensation and other wages due; and by reporting fraudulent information concerning Plaintiff to the IRS.

**AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND THE FLSA COLLECTIVE PLAINTIFFS**
*(Overtime Violations under the FLSA)*

41.     Plaintiff, individually and on behalf of the FLSA Collective Plaintiffs, repeats and realleges all prior allegations set forth above.

42.     Pursuant to the applicable provisions of the FLSA, Plaintiff and the FLSA Collective Plaintiffs were entitled to overtime compensation of one and one-half (1.5) times their regular hourly rate or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) per week.

43.     Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

44.     Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs overtime wages of one and one-half (1.5) times their regular

hourly rate or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) in a week.

45. As a result of Defendants' violations of the law and failure to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime wages, Plaintiff and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

46. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff and the FLSA Collective Plaintiffs are entitled to additional damages equal to one hundred percent (100%) of the total wages due to them.

47. Judgment should be entered in favor of Plaintiff and the FLSA Collective Plaintiffs and against Defendants on the First Cause of Action in the amount of their respective unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SECOND CAUSE OF ACTION**
*(Overtime Violations under the NJWHL)*

48. Plaintiff repeats and realleges all prior allegations set forth above.

49. Pursuant to the applicable provisions of N.J.S.A. 34:11-56a(4), Plaintiff was entitled to overtime wages of one and one-half (1.5) times his regular hourly rate or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) per week.

50. Plaintiff regularly worked in excess of forty (40) hours per week during his employment with Defendants.

51. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half (1.5) times his regular hourly rate or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) per week.

52. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with reasonable attorneys' fees, interest, and costs.

53. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages in an amount equal to two-hundred percent (200%) of the total wages due to him.

54. Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action in the amount of his unpaid overtime wages, liquidated damages, attorneys' fees, costs, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A THIRD CAUSE OF ACTION
*(Failure to Timely Pay Wages in Violation of the NJWPL)*

55. Plaintiff repeats and realleges all prior allegations.

56. At all relevant times, Defendants failed to pay Plaintiff the full amount of wages due to him at least twice during each calendar month, on regular paydays designated in advance, in violation of N.J.S.A. 34:11-4.2.

57. Defendants also failed to pay Plaintiff all wages due to him not later than the regular payday for the pay period in which he was terminated, in violation of N.J.S.A. 34:11-4.3.

58. As a result of Defendants' violations of the law and failure to pay Plaintiff all wages due, including overtime wages and other pay, Plaintiff has been damaged and is entitled to recover from Defendants all unpaid wages, along with interest and costs.

59. Judgment should be entered in favor of Plaintiff and against Defendants on the Third Cause of Action in the amount of his unpaid wages, liquidated damages, attorneys' fees, costs, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A FOURTH CAUSE OF ACTION
*(Fraudulent Filing of Information Returns)*

60. Plaintiff repeats and realleges all prior allegations.

61. Throughout Plaintiff's employment, Defendants regularly paid Plaintiff part of his wages by check, with withholdings for federal, state, and local taxes, and part of his wages in cash, without any withholdings for federal, state, and local taxes.

62. During Plaintiff's employment, Defendants filed Forms W-2 with the IRS on behalf of Plaintiff, which reflected only the wages that Defendants paid Plaintiff by check.

63. A Form W-2 is an information return as defined by 26 U.S.C. § 6724(d)(1).

64. Defendants reported fraudulent information to the IRS in violation of 26 U.S.C. § 7434 by filing Forms W-2 with false information regarding the wages Defendants paid to Plaintiff.

65. As Defendants willfully filed fraudulent information returns in violation of 26 U.S.C. § 7434, Plaintiff is entitled to damages in an amount equal to the greater of $5,000.00 or the sum of any actual damages sustained by Plaintiff, costs of the action, and reasonable attorneys' fees.

66. Judgment should be entered in favor of Plaintiff and against Defendants on the Fourth Cause of Action in an amount equal to the greater of $5,000.00 or the sum of any actual damages sustained by Plaintiff, costs of the action, and reasonable attorneys' fees.

**WHEREFORE**, Plaintiff prays for relief as follows:

a) on the First Cause of Action on behalf of Plaintiff and the FLSA Collective Plaintiffs for all overtime wages due, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Second Cause of Action for all overtime wages due, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

a) on the Third Cause of Action for all unpaid wages due, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Fourth Cause of Action for damages in the amount equal to the greater of $5,000.00 or the sum of any actual damages sustained by Plaintiff, costs of the action, and reasonable attorneys' fees;

c) interest;

d) costs and disbursements; and

e) such other and further relief as is just and proper.


Dated:  New York, New York
        September 16, 2021

/s/ Nicola Ciliotta
Nicola Ciliotta
KATZ MELINGER PLLC
280 Madison Avenue, Suite 600
New York, New York 10016
(212) 460-0047
nciliotta@katzmelinger.com
*Attorneys for Plaintiff*